```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**SETH H. HARRIS,**

                      **Plaintiff,**

       **v.**                                      **CASE NO. 08-3013-SAC**

**JONATHAN C. MINER, et al.,**

                      **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under the Federal Tort Claims Act (FTCA) by a prisoner while confined in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Plaintiff filed his action in the United States District Court for the District of Columbia, seeking damages for the negligent loss of his personal property at the Federal Correctional Institution in Fairton, New Jersey (FCI-Fairton). That court granted plaintiff leave to proceed in forma pauperis, with payments toward the $350.00 district court filing fee to be paid to that court.

Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and improper venue, or in the alternative, for transfer of the case pursuant to 28 U.S.C. §§ 1404(a) and 1406 to the District of Kansas where plaintiff was incarcerated. In response to defendants' motion, plaintiff requested transfer of the case instead of dismissal. By an order dated September 25, 2006, the court transferred the action to the

District of Kansas.[1]

For unknown reasons, that transfer was not effected until January 14, 2008, when this court discovered that a transfer order had been entered by the District of Columbia.[2]  Plaintiff was no longer incarcerated at USPLVN by the time his FTCA complaint reached this court, thus venue in the District of Kansas as the place of plaintiff's confinement is no longer valid.  It is also clear on the face of the record that plaintiff's allegations involve no misconduct occurring in this judicial district.

Nonetheless, faced with the prospect of transferring this action to a court with proper venue, the court is mindful that it is authorized "to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."  Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000)(internal quotation marks omitted).  Given the Supreme Court's recent decision in Ali v. Federal Bureau of Prisons, __S.Ct.__, 2008 WL 169359 (January 22, 2008), the court finds plaintiff's FTCA is now defeated and concludes the complaint is subject to being summarily dismissed.

Plaintiff seeks damages under the FTCA for the loss of personal property due to the alleged negligence of Bureau of Prisons (BOP)

---

[1]The District of Columbia order granting defendant's motion for transfer terminated defendants' alternative request for dismissal of the complaint.

[2]The delay in effecting the transfer of plaintiff's FTCA complaint is unfortunate, but the court finds no indication in the record that plaintiff inquired further of this court or the transferring court regarding the status of his complaint, or that any prejudice resulted from the delay.

officers at FCI-Fairton.  "The FTCA waives the United States' sovereign immunity for claims arising from torts committed by federal employees," but 28 U.S.C. § 1346(b)(1) specifically exempts from that waiver any claim arising from the detention of any property by any law enforcement officer.  Ali, 2008 WL 169359 at *3 (quotation marks omitted).  The Supreme Court now instructs that BOP officers fall within the meaning of "any law enforcement officer" in § 1346(b)(1).  Id. at *7.  Accordingly, plaintiff's claim for damages for the alleged mishandling of his property is barred by sovereign immunity because the United States has not waived its immunity to allow plaintiff to seek relief on such a claim.

Plaintiff is thus directed to show cause why the complaint should not be dismissed for the reasons stated herein.  The failure to file a timely response will result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the complaint (Doc. 9) is no longer pending because the court granted the alternative relief sought by defendants in that motion.

IT IS FURTHER ORDERED that plaintiff is granted ten (10) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 7th day of February 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge